**Below is the Order of the Court.**

_____
Karen A. Overstreet
U.S. Bankruptcy Judge
**(Dated as of Entered on Docket date above)**

_____

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: | IN CHAPTER 11 PROCEEDING |
| CASCADE AG SERVICES, INC., | NO. 12-18366-KAO |
| Debtor. | ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF |

Upon the motion, dated July 22, 2012 (the "**Sale Motion**"), of Cascade Ag Services, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order (the "**Sale Order**") pursuant to sections 105, 363 and 365 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"): (a) authorizing and approving the sale (the

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 1
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 1 of 20

"**Sale**") of the Acquired Assets[1] free and clear of all liens, claims, encumbrances and other interests (excluding the Assumed Liabilities) pursuant to the terms and conditions of that certain asset purchase agreement (the "**APA**")[2], dated August 2, 2013, by and between the Debtor (also referred to herein as the "**Seller**") and Pleasant Valley Farms, LLC, formerly known as Triak Holdings, LLC (the "**Purchaser**"); (b) authorizing and approving the assumption and assignment of the Assumed Executory Contracts; and (c) granting related relief; and the Court having entered the *Order Approving Sale Procedures* on June 28, 2013 (Dkt. No. 512) (the "**Sale Procedures Order**"); and upon adequate and sufficient notice of the Sale Motion, the Auction (as defined in the Sale Motion and the Sale Procedures Order), the hearing before the Court on August 9, 2013 (the "**Sale Hearing**") and any other related transactions having been given in the manner directed by the Court pursuant to the Sale Procedures Order; and the Court having reviewed and considered (w) the Sale Motion, (x) the objections to the Sale Motion, if any, (y) the Auction Report (as defined in the Sale Procedures Order and the Sale Motion), and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Sale Motion, the Auction Report, and at the Sale Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate and creditors and other parties in interest; and upon the record of the Sale Hearing and all other pleadings and proceedings in this Chapter 11 case, including the Sale Motion and the Auction Report; and after due deliberation thereon and good and sufficient cause appearing therefor,

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed in the APA and the Sale Motion, as applicable. To the extent of any inconsistency, the APA shall govern.

[2] A copy of the APA is attached as Exhibit A to the Auction Report filed by the Debtor on August 2, 2013 (Dkt. No. 554).

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 2
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 2 of 20

THE COURT HEREBY FINDS AND DETERMINES THAT:[3]

**Jurisdiction, Final Order, and Statutory Predicates**

A. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested in the Sale Motion are Sections 105(a), 363 and 365 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007 and 9014 of the Bankruptcy Rules.

C. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

**Notice of the Sale and Auction**

D. Actual written notice of the Sale Motion was provided to (i) all parties to which the Court has directed the Debtor to give notice in its *Order Granting Debtor's Motion to Establish Notice and Administrative Procedures* (Dkt. #121), (ii) all creditors, (iii) counsel to the Purchaser; (iv) all non-debtor counterparties to the Debtor's executory Contracts and unexpired leases; and (v) all parties who are known to claim liens or other interests upon the Acquired Assets (collectively, the "**Notice Parties**").

E. Service of the Sale Motion on the Notice Parties by ECF on July 22 2013 and by first class mail on July 26, 2013 and publication of a notice of the Sale in the *Wall Street Journal – Western Edition*, and the *Seattle Times* as stated in the Affidavits of Publication filed at Dkt. No. 526 was reasonably calculated to provide all interested parties with timely and proper notice of the Auction, Sale, and Sale Hearing.

F. In accordance with the provisions of the Sale Procedures Order, the Debtor has served notice upon each counterparty to an executory Contract that the Debtor seeks to assume and assign to the Purchaser on the Closing Date (defined below) identifying all amounts necessary under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all monetary defaults and pay all actual pecuniary losses under the

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 3
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

relevant Contract (the "**Cure Amounts**"). The service of such notice was good, sufficient, and appropriate under the circumstances, and no further notice need be given in respect of establishing a Cure Amount for the Contracts. Each counterparty to an executory Contract that the Debtor seeks to assume and assign to the Purchaser on the Closing Date has had an opportunity to object to the Cure Amounts set forth in the notice and to the assumption and assignment to the Purchaser of the applicable Contract. In the event that lessors Arlene Mesman or Doreen Nystrom file objections by August 16, 2013 pertaining to their respective cure amounts, the Debtor may request a hearing on such objection(s).

G. As evidenced by the affidavits of service and publication previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, Auction, Sale, Sale Hearing and the transactions contemplated thereby, including the assumption and assignment of the Assumed Executory Contracts to the Purchaser, was provided in accordance with orders previously issued by the Court, sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014. The notices described herein were good, sufficient and appropriate under the circumstances, and no other or further notice of the Sale Motion, Auction, Sale, Sale Hearing or the assumption and assignment of the Assumed Executory Contracts to the Purchaser is or shall be required.

H. The disclosures made by the Debtor concerning the Sale Motion, APA, Auction, Sale, assumption and assignment of the Assumed Executory Contracts to the Purchaser, and Sale Hearing were good, complete, and adequate.

I. A reasonable opportunity to object and be heard with respect to the Sale Motion, and the relief requested therein, including the assumption and assignment of the Assumed Executory Contracts to the Purchaser and any Cure Costs related thereto, has been afforded to all interested persons and entities, including the Notice Parties.

**Good Faith of Purchaser**

J. The APA was negotiated, proposed and entered into by the Seller and the Purchaser without collusion, in good faith and from arm's-length bargaining positions.

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 4
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 4 of 20

K. The Purchaser is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the APA to be avoided under section 363(n) of the Bankruptcy Code. Specifically, the Purchaser has not acted in a collusive manner with any person and the aggregate price paid by the Purchaser for the Acquired Assets (the "**Purchase Price**") was not controlled by any agreement among the bidders.

L. The Purchaser is purchasing the Acquired Assets in good faith and is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code. Indeed, the Purchaser proceeded in good faith in connection with all aspects of the Sale, including: (i) the Sale Procedures Order; (ii) neither inducing nor causing the Debtor's Chapter 11 filing; and (iii) disclosing all payments to be made by the Purchaser in connection with the Sale. Accordingly, the Purchaser is entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

**Highest and Best Offer**

M. The Debtor and Red to Black Advisors, LLC (the "**Sales Agent**") conducted an auction process in accordance with, and has otherwise complied in all respects with, the Sale Procedures Order. The auction process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Acquired Assets. The Auction was duly noticed and conducted in a non-collusive, fair and good-faith manner and a reasonable opportunity has been given to any interested party to make a higher or otherwise better offer for the Acquired Assets.

**No Fraudulent Transfer**

N. The consideration provided by the Purchaser pursuant to the APA (i) is fair and reasonable, (ii) is the highest or otherwise best offer for the Acquired Assets, (iii) will provide a greater recovery to the Debtor's estate than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. No other person, entity, or group of entities has offered to purchase the Acquired Assets for greater economic value to the Debtor's estate than the

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 5
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 5 of 20

Purchaser. The Debtor's determination that the APA constitutes the highest and best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtor's business judgment. Approval of the Sale Motion and the APA, and the consummation of the transactions contemplated thereby, is in the best interests of the Debtor, its estate, creditors and other parties in interest.

O. The Purchaser is not a mere continuation of the Debtor or its estate and there is no continuity of enterprise between the Purchaser and the Debtor. The Purchaser is not holding itself out to the public as a continuation of the Debtor. The Purchaser is not a successor to the Debtor or its estate and the Sale does not amount to a consolidation, merger, or *de facto* merger of the Purchaser and the Debtor.

### Validity of Transfer

P. The Debtor has (i) full corporate power and authority to execute and deliver the APA and all other documents contemplated thereby, (ii) all corporate authority necessary to consummate the transactions contemplated by the APA, and (iii) taken all corporate action necessary to authorize and approve the APA and the consummation of the transactions contemplated thereby. The Sale has been duly and validly authorized by all necessary corporate action. No consents or approvals, other than those expressly provided for in the APA, are required for the Debtor to consummate the Sale, the APA or the transactions contemplated thereby.

Q. The APA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtor nor the Purchaser is fraudulently entering into the transaction contemplated by the APA.

R. The Debtor has good and marketable title to the Acquired Assets and is the lawful owner of the Acquired Assets. Subject to section 363(f) of the Bankruptcy Code, the transfer of the Acquired Assets to the Purchaser will be, as of the closing of the transactions contemplated by the APA (the "**Closing Date**"), a legal, valid, and effective transfer of the Acquired Assets, which transfer vests or will vest the Purchaser with all right, title, and interest of the Seller to the Acquired Assets free and clear of (i) all liens and encumbrances relating to, accruing or arising any time prior to the Closing Date (collectively, "**Liens**") and (ii) all debts arising under, relating to or in connection with any act of the Debtor or claims (as that term is defined in section 101(5) of the Bankruptcy Code

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 6
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700    fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 6 of 20

and herein), liabilities, obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to Claims (as defined below)) and Liens: (x) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, the Debtor's or the Purchaser's interests in the Acquired Assets, or any similar rights, or (y) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (ii), "**Claims**"), relating to, accruing or arising any time prior to the Closing Date, with the exception of Permitted Encumbrances and Assumed Liabilities (as those terms are defined in the APA).

### Section 363(f) is Satisfied

S. The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the Acquired Assets free and clear of any interest in the property. The Purchaser would not have entered into the APA and would not consummate the transactions contemplated thereby if the Sale and the assumption by the Purchaser of liabilities and obligations as set forth in the APA were not free and clear of all Liens and Claims, other than the Permitted Encumbrances and Assumed Liabilities.

T. Unless otherwise expressly included in the Permitted Encumbrances or Assumed Liabilities, the Purchaser shall not be responsible for any Liens or Claims, including in respect of the following, unless otherwise prohibited by applicable law or statute: (i) any labor or employment agreements; (ii) any mortgages, deeds of trust and security interests; (iii) any intercompany loans and receivables between the Debtor and any non-debtor subsidiary, (iv) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of the Debtor or any of its affiliates; (v) any other employee, worker's compensation, occupational disease or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (a) the Employee Retirement Income Security Act of 1974, as amended, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 7
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 7 of 20

1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Worker Adjustment and Retraining Act of 1988, (g) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (h) the Americans with Disabilities Act of 1990, (i) the Consolidated Omnibus Budget Reconciliation Act of 1985, (j) state discrimination laws, (k) state unemployment compensation laws or any other similar state laws, or (l) any other state or federal benefits or claims relating to any employment with the Debtor or any of its predecessors; (vi) Claims or Liens arising under any environmental laws, rules, or regulations of any Governmental Authority ("**Environmental Laws**") with respect to any assets owned or operated by the Debtor or any of its corporate predecessors (or any of their respective affiliates) at any time prior to the Closing Date and any of the Debtor's liabilities other than the Assumed Liabilities; (vii) any bulk sales or similar law; (vii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (ix) any theories of successor liability, unless prohibited by law (as further defined in the APA, the "**Excluded Liabilities**").

U. The Debtor may sell the Acquired Assets free and clear of all Liens and Claims against the Debtor, its estate, or any of the Acquired Assets (except the Assumed Liabilities and Permitted Encumbrances) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens or Claims against the Debtor, its estate or any of the Acquired Assets who did not object or who withdrew their objections to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

**Compelling Circumstances for an Immediate Sale**

V. Good and sufficient reasons for approval of the APA and the Sale have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest. The Debtor has demonstrated (i) good, sufficient and sound business purposes and justifications for approving the APA and (ii) compelling circumstances for the Sale outside of (a) the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code and (b) a plan of reorganization, in that, among other things, the immediate consummation of the Sale to the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate and the Sale will provide the means for the Debtor to maximize distributions to its creditors.

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 8
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 8 of 20

W. To maximize the value of the Acquired Assets and preserve the viability of the business to which the Acquired Assets relate, it is essential that the Sale occur within the time constraints set forth in the APA. Time is of the essence in consummating the Sale.

X. Given all of the circumstances of this Chapter 11 case and the adequacy and fair value of the Purchase Price under the APA, the proposed Sale constitutes a reasonable and sound exercise of the Debtor's business judgment and should be approved.

Y. The Sale does not constitute a *sub rosa* Chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford. The Sale neither impermissibly restructures the rights of Debtor's creditors nor impermissibly dictates a liquidating plan of reorganization for the Debtor.

Z. The consummation of the Sale and the assumption and assignment of the Assumed Executory Contracts is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including sections 105(a), 363(b), 363(f), 363(m) and 365 thereof.

**Adequate Assurance of Future Performance**

AA. The Purchaser has demonstrated adequate assurance of future performance with respect to the Assumed Executory Contracts pursuant to section 365(b)(1)(C) of the Bankruptcy Code. All rights and findings as to lessors Nystrom and Mesman are reserved as to this issue pending their objection deadline of August 16, 2013. In the event no objection is filed, this finding shall apply to Nystrom and Mesman.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**General Provisions**

1. The relief requested in the Sale Motion, including approval of the Sale, is granted to the extent set forth in this Sale Order.

2. Any objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, settled by announcement during the Sale Hearing, or by stipulation filed with the Court, are hereby denied and overruled by this Court on August 9, 2013.. Those parties who did not object or that withdrew their objections to the Sale Motion at or prior to the Sale Hearing are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code.

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 9

{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 9 of 20

### Approval of the APA

3.  The APA, all agreements and documents ancillary thereto (collectively, the "**Ancillary Agreements**") and all of the terms and conditions thereof are hereby approved.

4.  Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized, empowered, directed and ordered to take any and all actions necessary or appropriate to (i) consummate the Sale pursuant to, and in accordance with, the terms and conditions of the APA, (ii) close the Sale as contemplated in the APA and this Sale Order, and (iii) execute and deliver, perform under, consummate, implement and fully close the APA, including the assumption and assignment of the Assumed Executory Contracts to the Purchaser, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and the Sale. In the event that the Debtor is unable or unwilling to take the actions directed herein, the Sales Agent shall be authorized, without further order of this Court, to take such actions on behalf of the Debtor.

5.  This Sale Order shall be binding in all respects upon (a) the Debtor, (b) its estate, (c) all creditors of, and holders of equity interests in, the Debtor, (d) any holders of Liens, Claims or other interests in, against, or on (whether known or unknown) all or any portion of the Acquired Assets, (e) the Purchaser and all successors and assigns of the Purchaser, (f) the Acquired Assets and (g) any trustees, if any, subsequently appointed in the Debtor's Chapter 11 case or upon a conversion of this case to Chapter 7 under the Bankruptcy Code. This Sale Order and the APA shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

### Transfer of the Acquired Assets

6.  Pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtor is authorized, directed and ordered to transfer the Acquired Assets to the Purchaser on the Closing Date and such transfer, which may be made by the Sales Agent on behalf of the Debtor, shall constitute a legal, valid, binding, and effective transfer of such Acquired Assets and shall vest Purchaser with title to the Acquired Assets and, upon the Debtor's receipt of the Purchase Price, other than Permitted Encumbrances and Assumed Liabilities, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, including successor or successor in interest liability and Claims in respect of the Excluded Liabilities, with such Liens, Claims, and interests to attach to the

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 10
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 10 of 20

proceeds of the Sale in the order of their priority, with the same validity, force, and effect that they now have as against the Acquired Assets. Upon the Closing, the Purchaser shall take title to and possession of the Acquired Assets subject only to the Permitted Encumbrances and Assumed Liabilities.

7. Except with respect to Permitted Encumbrances and Assumed Liabilities, all persons and entities that are in possession of some or all of the Acquired Assets on the Closing Date are directed to surrender possession of such Acquired Assets to the Purchaser or its assignee at the Closing. The provisions of this Sale Order authorizing the sale of the Acquired Assets free and clear of Liens, Claims, and other interests (other than the Permitted Encumbrances and Assumed Liabilities) shall be self-executing and neither the Debtor nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.

8. The Debtor is hereby authorized, directed and ordered to immediately take any and all actions necessary to consummate the APA, including any actions that otherwise would require further approval by shareholders or its board of directors without the need of obtaining such approvals, which actions may be taken by the Sales Agent on behalf of the Debtor.

9. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens and other encumbrances of record except the Assumed Liabilities or Permitted Encumbrances.

10. If any person or entity that has filed statements or other documents or agreements evidencing Liens on, or interests in, all or any portion of the Acquired Assets (other than statements or documents with respect to Permitted Encumbrances) shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all liens or interests which the person or entity has or may assert with respect to all or any portion of the Acquired Assets, the Debtor is hereby authorized, directed and ordered, and the Purchaser and Sales Agent are hereby authorized, on behalf of the Debtor and each of the Debtor's creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Acquired Assets. However, any liens released in

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 11
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 12-18366-KAO   Doc 573   Filed 08/09/13   Ent. 08/09/13 15:12:29   Pg. 11 of 20

accordance with this paragraph 10 shall remain valid and enforceable against the proceeds of sale in accordance with paragraph 11 below

11. On the Closing Date, this Sale Order shall be construed, and shall constitute for any and all purposes, a full and complete general assignment, conveyance, and transfer of the Debtor's interests in the Acquired Assets. This Sale Order is and shall be effective as a determination that, on the Closing Date, all Liens, Claims, and other interests of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing Date, other than Permitted Encumbrances and Assumed Liabilities, shall have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; *provided*, that such Liens, Claims, and other interests shall attach to the proceeds of the Sale in the order of their priority, with the same validity, force, and effect that they now have as against the Acquired Assets. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

12. To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtor with respect to the Acquired Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to the Purchaser as of the Closing Date.

13. To the extent permitted by Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Acquired Assets sold, transferred, or conveyed to the Purchaser on account of the filing or pendency of the Debtor's chapter 11 case or the consummation of the transactions contemplated by the APA.

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 12
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 12 of 20

**Prohibition of Actions Against the Purchaser**

14. Except for the Permitted Encumbrances and Assumed Liabilities, or as otherwise expressly provided for in this Sale Order or the APA, the Purchaser shall not have any liability or other obligation of the Debtor or any of its predecessors or affiliates arising under or related to any of the Acquired Assets.

15. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the APA, and unless otherwise prohibited by applicable law or statute, the Purchaser shall not be liable for any Claims against the Debtor or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including pursuant to any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including liabilities on account of warranties, intercompany loans and receivables between the Debtor and any non-debtor subsidiary, liabilities relating to or arising from any Environmental Laws, and any taxes arising, accruing or payable under, out of, in connection with or in any way relating to the operation of any of the Acquired Assets prior to the Closing.

16. Except with respect to Permitted Encumbrances and Assumed Liabilities, all persons and entities, including all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Liens, Claims, or other interests of any kind or nature whatsoever (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate) against or in all or any portion of the Acquired Assets, arising under or out of, in connection with or in any way relating to the Debtor, the Acquired Assets, the operation of the Debtor's business prior to the Closing Date, or the transfer of the Acquired Assets to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting against the Purchaser, any of its affiliates, their respective successors or assigns, their respective property or the Acquired Assets, such persons' or entities' Liens, Claims, or interests in and to the Acquired Assets, including, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Purchaser, any of its affiliates, its successors, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 13
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

against the Purchaser, any of its affiliates, its successors, assets, or properties; (c) creating, perfecting, or enforcing any Lien or other Claim against the Purchaser, any of its affiliates, its successors, assets, or properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Purchaser or any of its affiliates or successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order, other orders of the Court, the APA, or actions contemplated or taken in respect thereof; or (f) revoking, terminating, failing, or refusing to transfer or renew any license, permit, or authorization to operate any of the Acquired Assets or conduct any of the businesses operated with the Acquired Assets.

17. On the Closing Date, or as soon as possible thereafter, each of the Debtor's creditors is authorized and directed, and the Purchaser and the Sales Agent are hereby authorized, on behalf of each of the Debtor's creditors, to execute such documents and take all other actions as may be necessary to release Liens, Claims, and other interests in or on the Acquired Assets (except Permitted Encumbrances and Assumed Liabilities), if any, as provided for herein, as such Liens may have been recorded or may otherwise exist. However, any Liens released pursuant to this paragraph 17 shall remain valid and enforceable against the proceeds of sale as provided in paragraph 11 above.

18. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Acquired Assets to the Purchaser in accordance with the terms of the APA and this Sale Order; provided, however, that this Order shall not override or limit the Order granting relief from stay to One Pacific Coast Bank, Columbia Bank and Washington Federal (Doc. 441), but such secured creditors (the "**Senior Secured Lenders**") have agreed that they will not take any action and forbear until September 15, 2013 so that the Debtor and Purchaser may close on the transaction under the APA and this Order.

19. The Purchaser has given substantial consideration under the APA for the benefit of the Debtor and its estate and creditors. The consideration given by the Purchaser shall constitute valid and valuable consideration for the releases of any potential Claims and Liens pursuant to this Sale Order, including under Paragraphs 14-18 hereof, which releases shall be deemed to have been given in favor of the Purchaser by all holders of Liens against

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 14
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 14 of 20

or interests in, or Claims against, the Debtor or any of the Acquired Assets, other than holders of Liens or Claims relating to the Assumed Liabilities and Permitted Encumbrances. The consideration provided by the Purchaser for the Acquired Assets under the APA is fair and reasonable and accordingly the purchase may not be avoided under section 363(n) of the Bankruptcy Code.

20. Effective as of the Closing, the Purchaser and its successors and assigns shall be designated and appointed the Debtor's true and lawful attorney and attorneys, with full power of substitution, in the Debtor's name and stead, on behalf of and for the benefit of the Purchaser, its successors and assigns, for the following limited purposes: to demand and receive from any third party any and all of the Acquired Assets and to give receipts and releases for and in respect of the Acquired Assets, or any part thereof, and from time to time to institute and prosecute against third parties for the benefit of the Purchaser, its successors and assigns, any and all proceedings at law, in equity or otherwise, that the Purchaser or its successors and assigns, may deem proper for the collection or reduction to possession of any of the Acquired Assets.

**Assumption and Assignment of Assumed Executory Contracts**

21. Pursuant to sections 105(a) and 365 of the Bankruptcy Code, and subject to and conditioned upon the closing of the Sale, the Debtor's assumption and assignment to the Purchaser, and the Purchaser's assumption on the terms set forth in the APA, of the Assumed Executory Contracts is hereby approved and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied. The rights of lessors Nystrom and Mesman, as set forth above, shall be reserved unless they do not file an objection or response by August 16, 2013. If a timely response is filed, the Debtor shall schedule any required hearing on such objection with this Court.

22. The Debtor is hereby authorized and directed in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code to (a) assume and assign to the Purchaser, effective as of the Closing Date, the Assumed Executory Contracts free and clear of all Claims, Liens, or other interests of any kind or nature whatsoever and (b) execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Assumed Executory Contracts to the Purchaser.
ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 15
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 15 of 20

23. The Assumed Executory Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Executory Contracts (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer. In addition, pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the Assumed Executory Contracts after such assignment to, and assumption by, the Purchaser, except as provided in the APA.

24. All defaults or other obligations of the Debtor under the Assumed Executory Contracts arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured pursuant to the terms of the APA on the Closing Date or as soon thereafter as reasonably practicable.

25. To the extent a counterparty to an Assumed Executory Contract failed to timely object to a Cure Amount, such Cure Amount shall be deemed to be finally determined and any such counterparty shall be prohibited from challenging, objecting to, or denying the validity and finality of the Cure Amount at any time, and such Cure Amount, when paid, shall completely revive any Assumed Executory Contract to which it relates. No sections or provisions of any Assumed Executory Contract that purport to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor counterparty to such Assumed Executory Contract arising from or relating to the Sale and assignments authorized by this Sale Order shall have any force and effect. Such provisions constitute unenforceable, anti-assignment provisions under section 365(f) of the Bankruptcy Code and are otherwise unenforceable under section 365(e) of the Bankruptcy Code. No assignment of any Assumed Executory Contract pursuant to the terms of the APA shall in any respect constitute a default under any Assumed Executory Contract.

26. Except for a non-debtor counterparty to a Contract who timely filed an objection to the assumption and/or assignment of its Contract within the timeframe provided by the Sale Procedures Order, (a) each non-debtor counterparty to each Assumed Executory Contract shall be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code and (b) the Purchaser shall enjoy all of the Debtor's rights and benefits

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 16
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 16 of 20

under each such Assumed Executory Contract as of the applicable date of assumption without the necessity of obtaining such non-debtor party's written consent to the assumption or assignment thereof.

27. Nothing in this Sale Order, the Sale Motion, or in any notice or any other document is or shall be deemed an admission by the Debtor that any Contract is an executory Contract or must be assumed and assigned pursuant to the APA or in order to consummate the Sale.

28. The failure of the Debtor or the Purchaser to enforce at any time one or more terms or conditions of any Assumed Executory Contract shall not be a waiver of such terms or conditions or of the Debtor's and Purchaser's rights to enforce every term and condition of such Assumed Executory Contract.

29. All parties to the Assumed Executory Contracts are forever barred and enjoined from raising or asserting against the Purchaser any assignment fee, default, breach, Claim, pecuniary loss, or condition to assignment arising under or related to the Assumed Executory Contracts existing as of the Closing or arising by reason of the Closing, except for any amounts that are Assumed Liabilities.

**Other Provisions**

30. This Sale Order, the APA, and the Ancillary Agreements shall be binding in all respects upon all creditors and equity-holders of the Debtor, all non-debtor parties to the Assumed Executory Contracts, all successors and assigns of the Debtor and its affiliates and subsidiaries, and any trustees, examiners, "responsible persons," or other fiduciaries appointed in the Debtor's Chapter 11 case or upon a conversion of this case to a case under Chapter 7 of the Bankruptcy Code. The APA and the Ancillary Agreements shall not be subject to rejection or avoidance under any circumstances.

31. The APA and the Ancillary Agreements may be modified, amended, or supplemented by the parties thereto, in a writing signed by the parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

32. Except to the extent expressly included in the Assumed Liabilities, or by applicable law or statute, the Purchaser and its affiliates shall have no liability, obligation, or responsibility under the WARN Act (29 U.S.C. §§ 210 *et seq*.), the Comprehensive Environmental Response Compensation and Liability Act, or any foreign,

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 17
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 17 of 20

federal, state, or local labor, employment, or Environmental Law by virtue of the Purchaser's purchase of the Acquired Assets or assumption of the Assumed Liabilities.

33. The consideration provided by the Purchaser to the Debtor pursuant to the APA for the Acquired Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

34. The transactions contemplated by the APA are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed pending such appeal. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

35. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this Chapter 11 case, (b) any subsequent Chapter 7 case into which this Chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the provisions of the APA or the terms of this Sale Order.

36. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

37. The failure to specifically include any particular provision of the APA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety; provided, however, that this Sale Order shall govern if there is any inconsistency between the APA (including all Ancillary Agreements) and this Sale Order. Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

38. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 18
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 18 of 20

been assigned by the Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets to Purchaser; (b) interpret, implement, and enforce the provisions of this Sale Order; (c) protect Purchaser against any Liens, Claims, or other interest in or against the Debtor or the Acquired Assets of any kind or nature whatsoever, attaching to the proceeds of the Sale, and (d) enter any orders under section 363 or 365 of the Bankruptcy Code with respect to the Assumed Executory Contracts.

39. Any amounts payable by the Debtor under the APA, unless otherwise ordered by this Court under the Bidding Procedures Order, shall (a) be paid in the manner provided in the APA subject to review and prior written approval of the Sales Agent and each of the Senior Secured Lenders or further order of Court (b) subject to the foregoing, be allowed administrative claims in an amount equal to such payments in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code, (c) have the other protections provided in the Bidding Procedures Order and (d) not be discharged, modified or otherwise affected by any reorganization plan for the Debtor, except by an express agreement with the Purchaser, its successors or assigns.

40. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

41. In the event that the transaction contemplated by the APA fails to close, the arguments of the Debtor and the Senior Secured Lenders with respect to which bid should be deemed the Alternative Bid are reserved.

42. To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this Chapter 11 case, the terms of this Sale Order shall govern.

43. ***  ///End of Order///

*** 43. Although the Court set a hearing on the Sale Motion for August 20, 2013, the Court finds that the exigencies of the Debtor's circumstances, and the existence of only one objection by unsecured creditor EDCO Food Products, Inc. (Dkt. 559), which objection the Court overrules, necessitate early entry of the Sale Order to facilitate closing under the APA. Accordingly, the hearing on August 20, 2013 is stricken.

Presented by:

CAIRNCROSS & HEMPELMANN, P.S.

/s/ *John R. Rizzardi*
John R. Rizzardi, WSBA No. 9388
Jessica Tsao, WSBA No. 44382
Attorneys for Debtor

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 19
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN, ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 19 of 20

Approved as to form; Presentation waived:

FOSTER PEPPER, PLLC

/s/ *Deborah Crabbe*
Deborah Crabbe, WSBA No. 22264
Attorneys for Columbia State Bank

BALL JANIK, LLP

/s/ *Jeffrey Gardner*
Jeffrey Gardner, WSBA No. 28573
Attorneys for One PacificCoast Bank

LANE POWELL, P.C.

/s/ *Charles R. Ekberg*
Charles R. Ekberg, WSBA No. 0342
Attorneys for Washington Federal

ORDER (A) AUTHORIZING AND APPROVING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF THE ASSUMED EXECUTORY CONTRACTS AND (C) GRANTING RELATED RELIEF - 20
{02358172.DOC;1}

CAIRNCROSS & HEMPELMANN,
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 12-18366-KAO    Doc 573    Filed 08/09/13    Ent. 08/09/13 15:12:29    Pg. 20 of 20